IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD McCLOUD<br><br>Petitioner,<br><br>vs.<br><br>WARDEN DOUG LUNEKE,<br><br>Respondent. | CASE NO. 1:24-CV-01523<br><br>DISTRICT JUDGE JOHN R. ADAMS<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**MEMORANDUM AND ORDER** |

Before the Court is *pro se* Petitioner Ronald McCloud's ("Petitioner") Motion to Procure State Records and Certain Trial Transcripts (ECF Doc. 14 ("Motion").)  Respondent filed a brief in opposition to the Motion.  (ECF Doc. 16.)  Petitioner did not file a reply.  For the reasons that follow, Petitioner's Motion is **DENIED**.

## I.     PROCEDURAL BACKGROUND

Petitioner filed a petition for habeas corpus under 28 U.S.C. § 2254 ("Petition") *pro se* on July 18, 2024, in the U.S. District Court for the Southern District of Ohio.  (ECF Doc. 1-2.).[1]  The case was transferred to this Court on September 6, 2024.  (ECF Doc. 7.)  The Petition relates to Petitioner's Ohio convictions for receiving stolen property, tampering with evidence, aggravated murder, and felony murder.  (ECF Doc. 1-2, p. 1.)

---

[1] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  While the Petition did not arrive at the Court for filing until July 29, 2024, Petitioner states that he placed it in the prison mailing system on July 18, 2024. (ECF Doc. 1-2, p. 37.)  Thus, the Court will consider the Petition as filed on July 18, 2024.

On November 14, 2024, the undersigned issued an initial order requiring Respondent to file a Return of Writ within 60 days of the date of that order. (ECF Doc. 11 ("Initial Order").) The Initial Order also required Respondent to submit the State Court Record, including "copies of all transcripts, journal entries, opinions, indictments, affidavits, orders and docket sheets pertaining to the grounds for relief raised by the Petitioner." (*Id*. at 1.) Respondent subsequently requested an extension of time until February 13, 2025, to file the Return of Writ, which the undersigned granted. (ECF Doc. 15.)

On December 26, 2024, Petitioner filed the instant Motion requesting production of the following:

1) Trial transcripts of a Detective Mark Carpentiere's testimony;

2) Specific crime scene photos;

3) Trial transcripts of a Terry Grapenthin's testimony;

4) The initial police report of a Mark Ursic and trial transcripts of his testimony;

5) Record of an interview with a Wyatt Menges; and

6) A list of all biological evidence retained by the State so it "can be retested to prove Petitioner is in fact innocent."

(ECF Doc. 14, pp. 1-2.) Respondent opposes the Motion as premature. (ECF Doc. 16.)

## II. DISCUSSION

The undersigned agrees with Respondent that Petitioner's Motion is premature. Rule 5 of the Rules Governing Section 2254 Cases requires a respondent to provide relevant portions of trial transcripts with its answer where available. Rules Governing § 2254 Cases, 28 USC § 2254 (2010). It also permits the judge to "order that the respondent furnish other parts of existing transcripts or that parts of un-transcribed recordings be transcribed and furnished." *Id*. Rule 7 of the same provides that "the Court may direct the parties to expand the record by submitting

2

additional materials relating to the petition." *Id*. Notably, the Rules do not provide for a petitioner to obtain state court records or transcripts outside of these processes.

Here, the Court ordered Respondent to file its Return of Writ and the state court record by January 13, 2025, then extended that time to February 13, 2025. (ECF Docs. 11, 15.) Respondent reports that he will submit relevant portions of the state court record in accordance with the Initial Order (ECF Doc. 11) and the Rules Governing § 2254 Petitions. (ECF Doc. 16, p. 2.) All or some of the records requested by Petitioner in the present motion may be included in the documents Respondent is required to submit under the Initial Order and applicable rules.

The undersigned also observes that a federal habeas court may only review evidence which was in the record at the time of the state court proceedings. *Cullen v. Pinholster*, 563 U.S. 170 (2011). Respondent's production may be constrained by this rule if the documents requested by Petitioner were not part of the record before the trial court. *Id.*; (*see* ECF Doc. 16, pp. 2-3.)

In light of the foregoing, Petitioner's Motion is premature and is **DENIED**.

If Petitioner believes relevant state court records are still not before this Court following Respondent's filing of the Return of Writ and the state court record, Petitioner may move for appropriate relief at that time.

Dated: January 28, 2025

                                        *s/ Amanda M. Knapp*
                                        AMANDA M. KNAPP
                                        UNITED STATES MAGISTRATE JUDGE