UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD McCLOUD, | ) | CASE NO.: 1:24-cv-01523 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| | ) | |
| | ) | |
| WARDEN DOUG LUNEKE, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. 31) filed by Petitioner Ronald McCloud. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is DENIED, and this matter is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

In large part, McCloud does not specifically delineate his objection to the R&R. Rather, he generally attempts to restate the arguments made in his petition by claiming he is entitled to

1

equitable tolling due to extraordinary circumstances [state appellate counsel's ineffectiveness and his own mental incompetency] and new evidence establishing actual innocence. Doc. 31 at 2–7. However, McCloud finally attaches the "new evidence" which includes an apparent coroner's report ruling out sexual trauma to his victim's body. Doc. 31-1.

In concluding that the petition should be dismissed as untimely, the R&R analyzed the facts of the underlying state court actions under the lens of the AEDPA statute of limitations. Notably, the R&R explained:

> The undersigned first considers the timeliness of the Petition under §2244(d)(1)(A), which starts the running of AEDPA's statute of limitations from the date the judgment became final through the conclusion of direct review or the expiration of time for seeking such review. The Ninth District Court of Appeals affirmed Petitioner's conviction and sentence on November 16, 2012. (ECF Doc. 18-1, pp. 208-23.) Petitioner then had 45 days to file an appeal with the Supreme Court of Ohio. *See* S.Ct.Prac.R. 6.01(A)(1). His notice of appeal was therefore due on December 31, 2012. Mr. McCloud did not file a notice of appeal by that date. Therefore, the one-year statute of limitations under § 2244(d)(1)(A) started to run on January 1, 2013, and expired on January 1, 2014. Mr. McCloud did not file his Petition until July 18, 2024, over ten years after the expiration of the statute of limitations. (ECF Doc. 4, p. 15.)

Doc. 26 at 17.

As to statutory tolling, the R&R indicated:

> Under § 2244(d)(2), the statute of limitations is tolled for as long as a properly filed application for post-conviction relief or other collateral review is pending in the state courts. *See Jurado*, 337 F.3d at 640. But this statutory tolling provision does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman*, 346 F.3d at 602 (internal quotations and citation omitted). Since Mr. McCloud did not file his first Rule 26(B) Application until July 18, 2018, over four years after the statute of limitations expired (ECF Doc. 18-1, p. 224), the request for relief could "no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602. The same is true of his second Rule 26(B) Application and his Motion to Compel, which were both filed in 2022. (See ECF Doc. 18- 1, pp. 243, 268.) Thus, statutory tolling does not apply.

Doc. 26 at 20. And as to equitable tolling, the R&R found McCloud neither pursued his

2

rights diligently nor established an extraordinary circumstance that stood in his way:

> Even if this Court assumes based on the above letter that deficient representation by Mr. McCloud's appellate counsel rose to the level of an "extraordinary circumstance" that "stood in his way and prevented timely filing" of the claims now asserted in the Petition, the Court must also find that Mr. McCloud "pursu[ed] his rights diligently" once he became aware of that deficient representation. *See Holland,* 560 U.S. at 649. Here, Mr. McCloud claims he received the above letter in 2015 but acknowledges that he did not file his first Rule 26(B) application alleging ineffective assistance of counsel until July 10, 2018. (ECF Doc. 21, pp. 2-3; ECF Doc. 18-1, p. 224.) When that application was denied, Mr. McCloud did not appeal the denial to the Supreme Court and then waited another four years, until 2022, to make a second attempt to reopen his direct appeal. (ECF Doc. 18-1, pp. 243-58.) He then waited until 2024 to file the present Petition, over ten years after the AEDPA statute of limitations expired, nine years after he says he received the above letter from his attorney, and six years after the denial of his first Rule 26(B) application. Based on this record, the undersigned concludes that Mr. McCloud has failed to show that he was "pursuing his rights diligently." *Holland*, 560 U.S. at 649.

Doc. 26 at 22.

McCloud does not identify error in the R&R but mainly restates his prior arguments that the Magistrate Judge has already considered and properly rejected. "An 'objection' that does nothing more than state a disagreement with a Magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Accordingly, McCloud's objection as to the first portion of the tolling analysis is denied.

Next, McCloud appears to find fault with the R&R's analysis of his claimed 'new evidence' that allegedly establishes his innocence. The R&R explained:

> Although Mr. McCloud asserts broadly that he has "discovered 'newly discovered evidence'" that "can prove [he] is actually innocent" (ECF Doc. 21, pp. 7, 9), he does not identify or describe the new evidence, does not explain when that evidence was discovered and why there was a delay in its discovery, and does not provide any information that may be used to assess whether the new evidence is sufficient to show "it is more likely than not that no reasonable juror would have convicted

3

[the petitioner]." *McQuiggin*, 569 U.S. at 395.

Doc. 26 at 25.

To the extent McCloud attempts to expand the record by only now including the "new evidence," the request is similarly denied. McCloud did not provide or even describe the coroner's report until he filed his objection (Doc. 31), therefore the Magistrate Judge properly found that he presented no new evidence of his actual innocence to support his argument in favor of applying the miscarriage of justice exception to his procedural defaults. More importantly, though, the evidence provided with the objection does not dispute that McCloud is responsible for the victim's death, nor does it make it more likely than not that no reasonable juror would have found McCloud guilty beyond a reasonable doubt. *See House v. Bell*, 547 U.S. 519, 538 (2006); *see also McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013).

McCloud's objections are overruled. The R&R is hereby ADOPTED IN WHOLE, and McCloud's petition is hereby DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


September 24, 2025                    */s/ John R. Adams*
                                                      JUDGE JOHN R. ADAMS
                                                      UNITED STATES DISTRICT JUDGE